The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 7, 2022, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 7, 2022**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HERBERT R. CHISLING, AS TRUSTEE, *et al.*, <br>   Plaintiffs. <br><br> v. <br><br> ALLIED DIVERSIFIED CONSTRUCTION, INC., <br>   Defendant. | Adversary Proceeding <br> No. 22-1050 <br><br> Judge Arthur I. Harris |

ORDER GRANTING DEBTOR'S MOTION TO TRANSFER VENUE[1]

On March 9, 2022, Allied Diversified Construction, Inc. ("the debtor") filed a chapter 11 bankruptcy case in the United States Bankruptcy Court for the Southern District of Indiana (Case No. 22-00739-11) (Docket No. 1). On June 3, 2022, the debtor removed to this Court a state court action which was pending against it in the Cuyahoga County Court of Common Pleas (*Herbert R. Chisling,*

---

[1] This Order is not intended for official publication.

*as Trustee, et al., v. Allied Diversified Construction, Inc., et al.*, Case No. CV-17-885803) (Docket No. 1). On June 7, 2022, the debtor moved to transfer this adversary proceeding to the United States Bankruptcy Court for the Southern District of Indiana where the debtor's chapter 11 bankruptcy case is currently pending (Docket No. 2). On June 24, 2022, Herbert R. Chisling, as Trustee, James A. Goldsmith, as Trustee, and Deerfield Township I, LLC (collectively, "plaintiffs") filed a brief in opposition to the debtor's motion to transfer venue (Docket No. 6). On June 28, 2022, the Court heard argument on the debtor's motion to transfer venue. After the hearing, the debtor filed a supplemental brief in further support of its motion to transfer venue (Docket No. 7).

Under 28 U.S.C. § 1412 a district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties. Under Fed. R. Bankr. P. 7087, a bankruptcy court "may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412." This Court has authority to transfer this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(b) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio. The movant has the burden of proof to show by a preponderance of the evidence

that a transfer of venue is warranted. *Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004). As section 1412 is written in the disjunctive, a court may exercise its discretion and transfer an adversary proceeding either because the transfer is in the interest of justice or because it serves the convenience of the parties. *Bavelis v. Doukas (In re Bavelis)*, 453 B.R. 832, 874 (Bankr. S.D. Ohio 2011).

When considering whether a motion to transfer venue is in the interest of justice, courts typically weigh the following factors:

> 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate;
> 2) whether the interests of judicial economy would be served by the transfer;
> 3) whether the parties would be able to receive a fair trial in each of the possible venues;
> 4) whether either forum has an interest in having the controversy decided within its borders;
> 5) whether the enforceability of any judgment would be affected by the transfer; and
> 6) whether the plaintiff's original choice of forum should be disturbed.

*Id.* (citing *Enron Corp.*, 317 B.R. at 638–39). The economic and efficient administration of the bankruptcy estate is the most important factor in determining whether a motion to transfer venue is in the interest of justice. *Id.* The first factor also directly impacts the second—judicial economy—and this Court will therefore consider these first two factors together. *See Enron Corp.*, 317 B.R. at 640.

This adversary proceeding includes numerous claims against the debtor as well as counterclaims by the debtor against the plaintiffs (Docket No. 1). Currently, $1.6 million is being held in escrow pending the outcome of this adversary proceeding (Docket Nos. 2, 6). The debtor asserts that its claim to the funds held in escrow is the only significant asset in its pending chapter 11 case (Docket Nos. 2, 6). Should this Court or another court determine that some or all of the funds being held in escrow are property of the debtor's estate, the bankruptcy court in the Southern District of Indiana would then need to resolve various claim objections, including the debtor's objections to the proofs of claim filed by the plaintiffs. Even if a court were to decide none or only a small portion of the funds held in escrow is property of the debtor's estate, there will still be a benefit to judicial economy from having the same judge familiar with the adversary proceeding issues decide issues relating to any motion to dismiss or convert the debtor's chapter 11 case. As the determination of this adversary proceeding is interrelated with the administration and potential success of the debtor's chapter 11 bankruptcy, it follows that the first two factors weigh heavily in favor of having this proceeding heard by the same court in which the debtor's bankruptcy petition is pending. The Court finds factors three and five immaterial to this case as both factors remain neutral whether this adversary proceeding is

heard by this Court or by the Bankruptcy Court for the Southern District of Indiana. Factor four weighs in favor of transferring the adversary proceeding. This Court recognizes "there is a strong presumption in favor of an adversary proceeding being heard in the district where the debtor's bankruptcy case is pending." *Bavelis*, 453 B.R. at 869. The debtor's chapter 11 bankruptcy petition is pending in Indiana; therefore, Indiana has an interest in resolving this adversary proceeding as it directly impacts the bankruptcy. Factor six does not weigh strongly against transferring this adversary proceeding. While the Southern District of Indiana is not plaintiffs' initial choice of forum, neither is the Northern District of Ohio. Plaintiffs filed the initial state court action with the Cuyahoga County Court of Common Pleas, and the debtor removed the state court action to this Court (Docket No. 1).

Further, Fed. R. Bankr. P. 1001 states bankruptcy rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Transferring this case to the Southern District of Indiana should further the interest of justice and the aspirational goals of Bankruptcy Rule 1001 by having a single judge preside over both the debtor's chapter 11 case and the claims in this adversary proceeding

5

which are inextricably intertwined with the administration of the debtor's chapter 11 case.

Having decided that transfer is in the interest of justice, the Court need not decide whether the transfer would also serve the convenience of the parties. In addition, the Court has considered and rejected the possibility of remanding the claims and counterclaims that make up this adversary proceeding back to state court under 28 U.S.C. § 1452(b). Such a remand would present the same disadvantages of requiring separate judges to become familiar with and decide issues common to both the adversary proceeding and the debtor's chapter 11 case.

For the reasons stated above, the debtor's motion to transfer venue to the United States Bankruptcy Court for the Southern District of Indiana is granted.

IT IS SO ORDERED.